```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA
                           RENO, NEVADA

TERRIE R. SPONCEY,              )    3:10-cv-00478-ECR-RAM
                                )
        Plaintiff,              )    MINUTES OF THE COURT
                                )
vs.                             )    DATE: August 11, 2011
                                )
BANNER-CHURCHILL HOSPITAL,      )
LAURA CARTER, DEBBIE TABBERT,   )
DIANE PETERS, CLARIE BEHEIMER,  )
KATHY VALENTINE and DOES I-X AND)
ABC CORPORATIONS I-V,           )
                                )
        Defendants.             )
                                )

PRESENT:     EDWARD C. REED, JR.                U. S. DISTRICT JUDGE

Deputy Clerk:   COLLEEN LARSEN         Reporter:    NONE APPEARING
Counsel for Plaintiff(s)                  NONE APPEARING

Counsel for Defendant(s)                  NONE APPEARING
```

MINUTE ORDER IN CHAMBERS

   Now pending are a Motion to Dismiss (#21) and a Request for Oral Argument (#27). Plaintiff filed this action on August 2, 2010. On October 19, 2010, Plaintiff filed an amended complaint (#4). On December 22, 2010, Defendants filed a Motion to Dismiss (#21). On January 31, 2011, Plaintiff opposed (#26). On February 10, 2011, Defendants replied (#29). On January 31, 2011, Plaintiff filed a Request for Oral Argument (#27) on the Motion to Dismiss (#21).

   Plaintiff's amended complaint (#4) contains twenty-four pages of factual background, and a single sentence describing the claims for relief. That sentence reads: "Plaintiff submits the foregoing actions described herein are violations of law entitling Plaintiff to an award of damages under the ADA, the FMLA, ADEA, HIPPA, and related state laws and the Common Law including the Right of Privacy, Breach of Contract and Intentional Infliction of Emotional Distress, among others."

   Defendants assert that Plaintiff's amended complaint (#4) is fatally deficient under Twombly because it does not give Defendants fair notice of a legally cognizable claim and the grounds on which it rests, the claims are time-barred, and Plaintiff has not alleged exhaustion of administrative remedies.

In Ashcroft v. Iqbal, the Supreme Court held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S.Ct. 1937, 1949 (2009). Plaintiff's complaint (#4) does not even recite the threadbare elements of a cause of action, let alone specific factual allegations as required under Iqbal. We are unable to find support for each of the claims Plaintiff recites in her single sentence describing the causes of action. While Plaintiff claims in her opposition (#26) that she did in fact file a complaint with the Equal Employment Opportunity Commission or the Nevada Equal Rights Commission and received a right-to-sue letter, we can find no mention of this in the amended complaint (#4), although we acknowledge that we may have overlooked such an allegation in the rambling facts section of the complaint (#4). In addition, Plaintiff fails to allege other elements of her causes of action, such as severe emotional distress, or which right of privacy was violated and how.

Even more troubling is the fact that Plaintiff's claims appear to be time-barred, but because of the jumbled nature of the complaint, it is difficult to determine exactly what Plaintiff is alleging under each cause of action, and the timeline thereof.

Finally, Plaintiff's claim under the Health Insurance Portability and Accountability Act (HIPAA) must be dismissed because HIPAA does not provide a private remedy for its violation. Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081-82 (9th Cir. 2007); Logan v. Dep't of Veterans Affairs, 357 F. Supp. 2d 149, 155 (D.D.C. 2004).

Due to the deficiencies noted above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (#21) is **GRANTED**. Plaintiff shall have twenty-eight (28) days to submit a second amended complaint clearly delineating the elements and factual allegations of each cause of action, and which Defendants are being sued under which cause of action. In order to pass muster, the amended complaint must address the challenged issues of exhaustion of administrative remedies, statute of limitations, and the elements of each claim. Failure to do so may result in a dismissal with prejudice.

Plaintiff's Request for Oral Argument (#27) is **DENIED** as moot.

LANCE S. WILSON, CLERK

By     /s/
    Deputy Clerk

2