1

2

3

4                          **UNITED STATES DISTRICT COURT**
                                **DISTRICT OF NEVADA**
5

6

7  TERRIE R. SPONCEY,                    )        3:10-cv-00478-ECR-WGC
                                         )
8       Plaintiff,                       )
                                         )
9  vs.                                   )        **Order**
                                         )
10 BANNER-CHURCHILL HOSPITAL, LAURA      )
   CARTER, DEBBIE TABBERT, DIANE         )
11 PETERS, CLAIRE BEHEIMER, KATHY        )
   VALENTINE and DOES I-X and ABC        )
12 CORPORATIONS I-V,                     )
                                         )
13      Defendants.                      )
                                         )
14 _____)

15
        Plaintiff filed her initial complaint (#1) on August 2, 2010,
16
   and an amended complaint (#4) on October 4, 2010.  On August 12,
17
   2011, the Court dismissed (#30) Plaintiff's first amended complaint
18
   (#4), but granted Plaintiff leave to amend.  Plaintiff filed her
19
   second amended complaint (#37) on September 22, 2011, alleging
20
   violations of the ADA, FMLA, right to privacy, and a claim for
21
   breach of contract.
22
        On July 2, 2012, the Court dismissed Plaintiff's second amended
23
   complaint (#37), but again granted Plaintiff leave to amend to cure
24
   the deficiencies identified in her second amended complaint (#37).
25
   At that time, the Court strongly considered dismissing the action
26
   without leave to amend, as Plaintiff had been given leave to amend
27
   previously and had again failed to submit a complaint that passes
28

muster.  To date, Plaintiff has not filed her amended complaint.  On
July 27, 2012, Defendants filed a Motion for Involuntary Dismissal
Pursuant to Federal Rule of Civil Procedure 41(b) (#46), requesting
that the Court dismiss the action because Plaintiff has failed to
timely amend her complaint.

On July 27, 2012, Plaintiff filed an Ex Parte Motion to
"Enlarge Time to File Notice of Appeal" (#47), claiming that
although the time to file a notice of appeal would expire on August
1, 2012, Plaintiff has not had the opportunity since the Court's
Order (#37) dismissing her complaint to discuss any basis Plaintiff
might have for appeal due to "congested calendar, other pressing
deadlines and a brief period of vacation on the part of plaintiff's
counsel."  (Ex Parte Mot. at 2 (#47).)  Plaintiff's Motion (#47)
does not mention her failure to file an amended complaint but only
requests an enlargement of time to file a notice of appeal.  Federal
Rule of Appellate Procedure 4(a)(5) allows the court to extend the
time to file a notice of appeal if a party so moves no later than 30
days after the time prescribed by Rule 4(a) expires, and shows
excusable neglect or good cause.

Final judgment had not been entered in this case.  The Order
(#37) Plaintiff appears to wish to appeal was an order dismissing
Plaintiff's claims, some with prejudice and others without.
Plaintiff does not mention or address her failure to file an amended
complaint, but requests only that her time to appeal be extended.
Because final judgment had not been entered, her Ex Parte Motion
(#47) is moot.  Nor will the Court grant Plaintiff additional time
to amend her complaint, as Plaintiff has not requested such an

extension, and our initial grant of leave to amend was overly generous considering Plaintiff's previous leave to amend.

**IT IS, THEREFORE, HEREBY ORDERED** that the Plaintiff's Ex Parte Motion (#47) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (#46) is **GRANTED**.  Plaintiff has failed to timely file an amended complaint and the action shall be dismissed in its entirety.

The Clerk shall enter judgment accordingly.


DATED: August 17, 2012.

_____
UNITED STATES DISTRICT JUDGE